IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK MASHARD MURRAY, GDC NO. 863509,<br>Plaintiff,<br><br>v.<br><br>JAMES DONALD; BRIAN OWENS; TIMOTHY WARD; SHEILA OUBRE; SCOTT CRICKMAR; MS. LOUIS; and MS. MEADOWS,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:09-CV-0851-WSD |

## ORDER AND OPINION

On April 17, 2009, this Court entered an Order dismissing this civil rights action. (Docs. 3-4). Plaintiff has now filed a motion for reconsideration. (Doc. 5).

"Motions for reconsideration shall not be filed as a matter of routine practice." Local Rule 7.2(E), NDGa. Instead, a motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered

Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In this action, Plaintiff stated that he was attacked by another inmate as a result of Defendants' deliberate indifference to his safety. (Doc. 1, through out). Plaintiff previously filed an action raising the same claim that was summarily dismissed, pursuant to 28 U.S.C. § 1915A. See Murray v. Donald, Civil Action No. 1:08-CV-2527-WSD (N.D. Ga. Aug. 28, 2008).

Consequently, this action was dismissed under the doctrine of res judicata. (Doc. 3 at 5). "Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

In this motion for reconsideration, Plaintiff states that he can show that a widespread pattern of abuse was occurring at the prison. (Doc. 5 at 1). Presumably, Plaintiff is referring to widespread inmate-on-inmate violence. Plaintiff, therefore, seeks to have this action reopened and to be permitted to amend this action in order to make that showing. (Id.).

2

In Plaintiff's first civil action raising his claim of deliberate indifference to his safety, this Court concluded that he had failed to allege facts which, if proven, would satisfy the conditions for making out such a claim under 42 U.S.C. § 1983. Murray, Civil Action No. 1:08-CV-2527-WSD, Doc. 4 at 6. Plaintiff was given leave to amend that complaint, but his amended complaint also failed to set forth an actionable claim of deliberate indifference. Id., Doc. 7 at 9.

As noted above, the doctrine of res judicata prevents a plaintiff from raising claims which could have been raised in the previous action. Here, Plaintiff could have raised his claim of widespread inmate-on-inmate violence in his first action and in his amendment to that action. Plaintiff also failed to raise this allegation in this complaint. Even Plaintiff's supporting brief attached to his motion for reconsideration provides, at best, conclusory allegations of widespread violence at the prison. (Doc. 5, supporting brief, throughout). Plaintiff has made multiple attempts to state an actionable claim, and under the doctrine of res judicata, he is precluded from continuing his effort to collect money damages from these Defendants on the basis of

deliberate indifference to his safety. Plaintiff's motion for reconsideration should be denied.

**IT IS ORDERED** that Plaintiff's motion for reconsideration [Doc. 5] is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of June, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4